[No. 4389.   Decided March 19, 1903.]

JACOB HAYTON *et ux., Appellants,* v. JULES BEASON, *Respondent.*

JUDGMENT—LIMITATION ON REVIVAL.

Where a motion for the revival of a judgment was made just before the expiration of the six year limitation thereon, but notice thereof was not served on the adverse party until nearly two years thereafter, the judgment could not be revived, under Laws 1891, p. 165, which provides that no judgment shall be revived unless proceedings therefor shall be commenced within six years after the date of its rendition, inasmuch as the procedure did not follow the statute in force governing the commencement of actions and, in case of the inapplicability of that statute, the service did not follow upon the suing out of the writ within such a reasonable time as to constitute one continuous transaction.

Appeal from Superior Court, Skagit County.—Hon. GEORGE A. JOINER, Judge. Affirmed.

*Million & Houser,* for appellants.

*Smith & Coleman,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—On March 28, 1894, the appellants recovered a judgment against the respondent in the superior court of Skagit county for the sum of $256.50 and costs of action. The judgment remaining unpaid, the appellants on the 27th of March, 1900, filed their motion in the superior court in which the judgment was rendered to revive and continue the lien of the same, and caused the clerk of the court to issue a notice, citing the judgment debtor to appear and show cause why the motion should not be granted. On February 21, 1902, the

sheriff of Skagit county served the notice on the respondent in the manner required by law for the service of a summons. Thereafter the respondent appeared and moved to dismiss the proceedings for the alleged reason that the same were not commenced within the time limited by law. The motion was sustained by the trial court, and judgment entered accordingly. This appeal is from that judgment.

The act (2 Hill's Code, §§462-463) permitting judgments to be revived by motion and notice, as originally enacted, did not limit the time within which proceedings therefor should be commenced; nor did it limit the time within which the notice must be served after filing the motion. With reference to the former the provision was that such proceedings might be commenced at the end of five years after the date of rendition of the judgment, and with reference to the latter, that "At any time after filing such motion, the party may cause notice to be served on the judgment debtor in like manner and with like effect as a summons." In 1891 (Session Laws 1891, p. 165) the legislature amended the act by providing that no judgment should be revived or continued unless proceedings for such revival or continuance should be commenced within six years after the date of its rendition, but did not define what should be deemed a commencement of the action. By reference to the dates above given, it will be noticed that the motion to revive was filed and the notice to the judgment debtor issued by the clerk on the last day of the six-year period, while the service of the notice was had on the judgment debtor nearly two years thereafter. The question here is, therefore, was the proceeding commenced by the filing of the motion to revive the judgment? In our opinion, it was not, no matter whether the

general statute relating to the commencement of actions is to be held applicable thereto, or whether it is to be governed by the general rules of law. The statute in force at the time the judgment was rendered provided that an action was commenced by the service of summons. Session Laws 1893, p. 407. That in force at the time the motion to revive was filed provided that an action was commenced by the service of a summons, or by filing a complaint with the county clerk, as clerk of court, and causing the summons to be served within ninety days thereafter. As the notice was not served until nearly two years after the motion was filed, the proceedings were not commenced under these general statutes, no matter which of them may be held to apply to the particular case. Where it is not otherwise provided by statute, the general rule is that an action is commenced when the process required to bring the defendant into court is sued out, provided it is followed by the usual and ordinary proceedings with reference to its service, and served within a reasonable time. In other words, the suing out of the writ, and the proceedings leading up to its service, as well as its actual service, must be so connected as to reasonably constitute a continuing single transaction. See 1 Cyc. 747, and cases collected. In a case, therefore, where it should so happen that the statute of limitations completed its course between the time the writ was sued out and the time it was served, it was not held to be a bar if it was reasonably made to appear that the service succeeded the suing out of the writ in the ordinary course of events, without unusual or unnecessary delay. But the case before us is not such a case. While the process was sued out in time to be within the statute, it was not served within such time thereafter as to enable the court

to say that the suing out of the writ and its service was a continuous transaction. The delay was for an unusual time, and the record offers nothing to explain or excuse it, being but a bare recital of the facts.

The appellants argue, however, that the act itself excuses the delay, or, perhaps better, especially sanctions it in that it provides that the notice may be served at any time after the motion to revive is filed. But the question is not, was the delay so unreasonable as to cause a proceeding properly commenced to lapse? but is, rather, was the proceeding ever properly commenced? The statute relied upon offers no solution for this question. It might be that a delay between the filing of the motion and the service of the notice, longer than is allowed by the general statutes between the filing of the complaint and the service of the summons, would not be fatal to the proceedings, if both occurred before the statute of limitations had run; but as the law requires that the proceedings be commenced within a given time, and further requires that service of notice be had in order to commence the proceedings, the service must precede the expiration of the given time, if the bar of time is to be escaped.

The judgment is affirmed.

ANDERS, MOUNT and DUNBAR, JJ., concur.